The Honorable Michael Lamoureux State Representative P.O. Box 1064 Russellville, AR 72811-1064
Dear Representative Lamoureux:
I am writing in response to your request for my official opinion on the following question:
 Pursuant to provisions of ACA 21-4-102(c) (1) and 21-4-104(d)(1), if an employee is called to duty in an emergency situation during a calendar year and the emergency situation continues into another calendar year, is the employee entitled to one thirty (30) day period of paid leave or two thirty (30) day periods of paid leave?
RESPONSE
In my opinion, an employee of the state or a political subdivision who is called to duty in an "emergency situation," as defined at A.C.A §21-4-212, is entitled to one thirty-day period of paid leave, regardless of whether or not his service spans more than one calendar year. A.C.A §21-4-102(c)(1).
Section 21-4-102 of the Code (Repl. 1996) directs that reserve members of the National Guard or armed forces be granted paid leave for designated periods if they take a leave of absence for training or are called to duty in response to an "emergency situation" as statutorily defined.[1]
Subsection (c)(1) of this statute provides:
 Employees called to duty in emergency situations by the Governor or by the President shall be granted leave with pay not to exceed thirty (30) working days, after which leave without pay will be granted. This leave shall be granted in addition to all other leave the employee shall be entitled to.
Subsection (d)(1), which you also recite in your request, provides:
 During a leave of absence, the employee shall be entitled to preserve all seniority rights, efficiency or performance ratings, promotional status, retirement privileges, life and disability insurance benefits, and any other rights, privileges, and benefits to which they have become entitled.
Nothing in either of these statutes even remotely suggests that the legislature, in mandating a thirty-day period of paid leave for service in response to an emergency situation, meant to mandate a thirty-day period of paid leave for every calendar year in which the employee performs military service in response to the emergency. If the legislature had intended to issue such a mandate, it could have done so, specifically addressing the issue of paid leave over a span of years. Indeed, it did precisely that with respect to leave taken for the purpose of military training, expressly declaring that the fifteen-day period of paid leave for training, if not used in one year, could accumulate for use in the next year up to a maximum of 30 days in one calendar year. A.C.A §§21-4-102(a)(2) and -102(e). See Ark. Op. Att'y Gen. No. 2001-036
(confirming this 30-day maximum in one calendar year with respect to annual leave taken for training).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Subsection 21-4-212(e) of the Code (Repl. 1996) defines the term "emergency situations" to mean "any case of invasion, disaster, insurrection, riot, breach of peace, or imminent danger thereof, threats to the public health or security, or threats to the maintenance of law and order." In Ark. Op. Att'y Gen. No. 2002-342, one of my predecessors opined that the war in Iraq might qualify as an "emergency situation" since it appears to fall within the category of "threats to the public health or security."